**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| HIGBEE SALVA, L.P., | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  1:17-CV-00164 |
| | ) | |
| 212-3 EASTERN SHORE HOLDINGS, | ) | |
| LLC, | ) | |
| | ) | |
|     Defendant. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Higbee SALVA, L.P., pursuant to 28 USC § 2201 and 2202, and files this Complaint for Declaratory Judgment against 212-3 Eastern Shore Holdings, LLC, stating:

1.     Plaintiff Higbee SALVA, L.P. is a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business in Columbia, South Carolina and doing business at all relevant times in Baldwin County, Alabama at 10101 Eastern Shore Boulevard, Spanish Fort, Alabama as "Dillard's."

2.     Plaintiff Higbee SALVA, L.P. is the successor in interest to certain contracts executed between Eastern Shore Center I, LLC and The Higbee Company. These contracts effectuated the design and construction of what is commonly known as the "Eastern Shore Center," in Spanish Fort, Alabama and the Dillard's store, located and operated therein.

3.     Defendant 212-3 Eastern Shore Holdings, LLC is the holding company for Eastern Shore Center I, LLC as well as the other Eastern Shore entities which own and

operate the shopping mall commonly referred to as the Eastern Shore Center, located at 3500 State Highway 181, Spanish Fort, Alabama.

4.     On January 6, 2017, a suit was filed in the Circuit Court of Baldwin County, Alabama on behalf of Adelynn Boudin, deceased, against Higbee SALVA LP incorrectly named as Dillard's, Inc. and The Higbee Company, Inc., as well as 212-3 Eastern Shore Holdings, LLC and other defendants.  The suit alleges that the Defendants are liable for the wrongful death of Plaintiff Adelynn Boudin, who was injured on or about December 21, 2016 when, as a pedestrian, she was struck by a car in the parking lot area of the Eastern Shore Center.  The suit alleges defects in the design, signage, walkway paint schemes and visual obstructions created by foliage which allegedly contributed to the automobile accident in which Ms. Boudin was hit. That complaint also alleges liability on the part of Ms. Joann Cruitt, who was allegedly operating the automobile which struck Ms. Boudin and caused her injuries.  *See Boudin* Complaint, attached as "Exhibit 1."

5.     A number of contracts exist between Plaintiff and Defendant herein, which require the Defendant herein to take certain steps, including procurement and maintenance of commercial general liability insurance covering bodily injury, including death, personal injury and broad form property damage arising out of accidents or incidents related to or resulting from the maintenance, construction, operation or a combination thereof (or a failure of any one thereof) of the common area by developer, its employees, agents or contractors in its or their employees' agents or contractors. *See* REA Contract, attached as "Exhibit 2" at **INDEMNIFICATION AND PUBLIC LIABILITY INSURANCE**, § 11.3.

6.     The REA Contract further provides that this insurance shall provide "coverage which is primary to, and not contributory to, any policies of Dillard's for any loss occurring on or about the common area, shall expressly insure the indemnity of Dillard's contained in § 11.1, [and] shall name Dillard's as an additional insured thereunder…." *Id.* at § 11.

7.     The REA Contract further provides, at § 11.1, that the developer will indemnify Dillard's against all claims arising out of or relating in whole or in part to the construction and/or operation and/or maintenance (or the failure of any one thereof) of the common area, by developer, its employees, agents, contractors and/or their contractors, agents or employees.

8.     A supplemental agreement executed between the parties hereto and/or their successors in interest, requires the common areas to be maintained in accordance with standards provided in an Exhibit A(1)(b)(i) to the contract entitled "COMMON AREA MAINTENANCE STANDARDS."  Those standards include the requirement that the developer shall "maintain all Common Area liability insurance covering the Shopping Center Site and the Dillard Common Area in accordance with the coverages and limits set forth in the REA, naming Dillard as an additional insured…."  Supplemental Agreement, attached hereto as "Exhibit 3."

9.     To date, Defendant 212-3 Eastern Shore Holdings, LLC has failed to honor its obligations under the REA and supplemental contracts.  It has failed to defend and indemnify the Plaintiff in connection with the underlying lawsuit.  It has likewise failed to produce evidence of its compliance with the insurance procurement and

maintenance requirements of the contracts governing the relations between the parties hereto.

10.    There is an actual controversy between the parties to this to this action within the jurisdiction of this Court as that requirement is set out at 28 U.S.C. §2201. Defendant has failed to honor its contractual obligations to defend and indemnify Plaintiff and has failed to provide evidence that it has met its insurance procurement and maintenance obligations.

11.    Jurisdiction exists due to complete diversity of citizenship as required by 28 U.S.C. §1332(a)(1).  Plaintiff Higbee SALVA, LP is a Delaware limited-partnership with its principal place of business in Columbia, South Carolina.  Dillard's, Inc. is a Delaware Corporation with its principal place of business in Little Rock, Arkansas and The Higbee Company is a Delaware corporation with its principal place of business in Beachwood Ohio.

12.    Defendant 212-3 Eastern Shore Holdings, LLC is a Limited Liability Company, formed and existing in Maryland, with its principal place of business at 7501 Wisconsin Avenue, Suite 500 W, Bethesda, Maryland.

13.    The amount in controversy requirement of 28 U.S.C. §1332 (a) is met because it is clear from the face of the Complaint in the underlying *Boudin* matter, for which defense and indemnity obligations are sought herein, that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).  The *Boudin* Complaint seeks unspecified compensatory damages for personal injury due to the incident it describes.  The Complaint also alleges that Ms. Boudin died from her injuries, after the Complaint was filed, and seeks punitive

damages pursuant to Alabama's Wrongful Death Act. Under that Act, Plaintiff's punitive damages recovery is "within the sound and honest discretion of the jury," *Dees v. Gilley*, 339 So.2d 1000, 1002 (Ala. 1976); see Ala. Code § 6-5-410 (1975). The trier of fact will be instructed to award damages based upon "the gravity of the wrong done, the propriety of punishing the wrongdoer, and the need to deter similar wrongs in order to preserve human life." *Estes Health Care Centers, Inc. v. Bannerman*, 411 So.2d 109, 113 (Ala. 1982). The Eleventh Circuit has embraced a "common sense approach to deciding a jurisdiction challenge concerning the amount in controversy," which is "especially useful in cases brought under Alabama's Wrongful Death Act." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010). In determining whether a wrongful death claim under Alabama law satisfies the amount-in-controversy requirements, the district court should "rely[] on its judicial experience and common sense . . . and need not give credence to a plaintiff's representation that the value of a claim is indeterminate." *Id.*

14.    Inasmuch as the *Boudin* Plaintiff seeks compensatory and wrongful death damages in the underlying action, and Plaintiff herein seeks from Defendant defense and indemnity for fees, costs and any ultimate amount which may be awarded against it in that action, this court, relying on its "judicial experience and common sense" should determine that, more likely than not, the $75,000 amount-in-controversy requirement is satisfied. *See Roe*, 613 F.3d at 1064 (holding Alabama wrongful death claim against tire manufacturer based upon its knowing sale of unreasonably dangerous tires satisfied $75,000 amount-in-controversy requirement); *Nelson v. Whirlpool Corp.*, 668 F. Supp. 2d 1368, 1374 (S.D. Ala. 2009) ("The complaint alleges that the defendants wantonly

took human life. Given that Alabama law views every human life as precious and requires juries to consider the finality of its premature destruction in assessing damages, the Court concludes that it is readily deducible from the complaint that the amount in controversy exceeds $75,000.").

15.     Venue is appropriate in this court pursuant to 28 U.S.C. §1391(b)(2) and (3) as a substantial part of the events or omissions giving rise to the underlying claim and the claim brought by Plaintiff herein occurred in this judicial district.   Moreover, Defendant is subject to personal jurisdiction in this district with respect to this action as it conducts business by agent herein.  28 U.S.C. §81(c)(2).

### PRAYER FOR RELIEF

16.     Plaintiff Higbee SALVA LP adopts and reincorporates by reference the allegations of paragraphs 1 through 15, above.

17.     Based on the foregoing, Plaintiff Higbee SALVA LP, respectfully requests the Court to enter judgment in its favor, declaring that:

a.      It is entitled to indemnity under the terms of the contracts between the parties, and;

b.      It is entitled to recover all fees and costs it incurs in the defense of the underlying suit pursuant to the terms of the contracts between the parties, and;

c.      It is entitled to recover fees and costs incurred in pursuing this action to enforce the contracts between the parties, and;

d.      It is entitled to copies of policies of insurance required to be procured and maintained by Defendant pursuant to the terms of the contracts between the parties to

enable it to make claim under such policies, to place said carrier(s) on notice of the underlying claim, and;

e.      Under 28 U.S.C. § 2202, for such other good and proper relief to which the Court may find Plaintiff entitled.

Respectfully submitted,

*/s/ John C. S. Pierce*
JOHN C.S. PIERCE (PIE 009)
SIROTE & PERMUTT PC
1 St. Louis Centre, Suite 1000
Mobile, AL  36602
Phone: (251) 432-1671
Fax: (251) 434-0196
E-mail: jpierce@sirote.com

***Attorney for Plaintiff* Higbee SALVA L.P.**

Please serve Defendant at:

212-3 Eastern Shore Holdings, LLC
c/o CWCapital Asset Management, LLC
7501 Wisconsin Avenue, Suite 500 West
Bethesda, Maryland 20814