# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| HIGBEE SALVA, L.P., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 17-00164-N |
| ) | |
| 212-3 EASTERN SHORE ) | |
| HOLDINGS, LLC, ) | |
|     Defendant. ) | |

## ORDER

This action is before the Court *sua sponte* on review of its subject matter jurisdiction.[1] The Plaintiff initiated this action by filing a complaint (Doc. 1) with the Court, alleging diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for jurisdiction. *See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction…").

> When a plaintiff files suit in federal court, [the plaintiff] must allege facts that, if true, show federal subject matter jurisdiction over [the] case exists. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994). Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

satisfied that no plaintiff is a citizen of the same state as any defendant. *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."). Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency. *Stanley v. C.I.A.*, 639 F.2d 1146, 1159 (5th Cir. Unit B Mar. 1981); *see also DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." (internal quotation marks omitted)). **That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case.** *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331, n.6 (11th Cir. 2001) (" '[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.' " (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993))); *see also Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

*Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (emphasis added) (footnote omitted). *See also, e.g.*, *Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction . . ." (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)).[2] Upon review of the complaint (Doc. 1), the undersigned finds that the Plaintiff has failed to allege sufficient facts showing the citizenship of either

---

[2] "In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), [the Eleventh Circuit] adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981." *Travaglio*, 735 F.3d at 1268 n.1.

party for purposes of diversity jurisdiction.[3]

The Plaintiff alleges the citizenships of each of the artificial entity parties as though they were corporations. *See* 28 U.S.C. § 1332(c)(1). However, per the Plaintiff's allegations, the Plaintiff is a limited partnership (LP), while the Defendant is a limited liability company (LLC). The rule for diversity jurisdiction is "that the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization." *Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004) (per curiam) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). *See also Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016) ("So long as … an entity is unincorporated, we apply our 'oft-repeated rule' that it possesses the citizenship of all its members." (reaffirming *Carden*)). As such, "[t]o sufficiently allege the citizenships of these unincorporated business entities, [the Plaintiff] must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership." *Rolling Greens*, 374 F.3d at 1022. *Accord Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (per curiam).[4] The Plaintiff has not done so.[5]

---

[3] For purposes of the present *sua sponte* review, the undersigned finds that the Plaintiff has alleged sufficient facts showing § 1332(a)'s requisite amount in controversy.

[4] This "can require tracing through several layers." *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998) (citizenship of an LLC depends on citizenship of its members, traced through as many levels as necessary to reach corporations or natural persons)). *See also Azzo v. Jetro Rest. Depot, LLC*, No.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "[L]eave to amend should be freely granted

---

3:11-CV-324-J-34JRK, 2011 WL 1357557, at *2 n.2 (M.D. Fla. Apr. 11, 2011) (in pleading the citizenships of the members, "each member's citizenship must [also ]be properly alleged, be it an individual, corporation, LLC, or other entity").

[5] The sole cause of action in the Complaint is one for declaratory judgment under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

> Of course, it is well established that the Declaratory Judgment Act does not, of itself, confer jurisdiction upon federal courts. *See, e.g., Household Bank v. JFS Group,* 320 F.3d 1249, 1253 (11th Cir. 2003); *see also Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240, 57 S. Ct. 461, 463, 81 L. Ed. 617 (1937) ("[T]he operation of the Declaratory Judgment Act is procedural only."). Rather, in the context of a declaratory judgment action, "the normal position of the parties is reversed; therefore, we do not look to the face of the declaratory judgment complaint in order to determine the presence of a federal question." *Hudson Ins. Co. v. Am. Elec. Corp.,* 957 F.2d 826, 828 (11th Cir. 1992). "Instead, this court must determine whether or not the cause of action anticipated by the declaratory judgment plaintiff arises under federal law." *Id.* Our inquiry is thus "whether, absent the availability of declaratory relief, the instant case could nonetheless have been brought in federal court. To do this, we must analyze the assumed coercive action by the declaratory judgment defendant." *Gulf States Paper Corp. v. Ingram,* 811 F.2d 1464, 1467 (11th Cir. 1987), *abrogated on other grounds by King v. St. Vincent's Hosp.,* 502 U.S. 215, 217, 112 S. Ct. 570, 572, 116 L.Ed.2d 578 (1991); *see also* 22A Am.Jur.2d *Declaratory Judgments* § 202 (2003). Federal question jurisdiction "exists in a declaratory judgment action if the plaintiff has alleged facts in a well-pleaded complaint which demonstrate that the defendant *could* file a coercive action arising under federal law." *Household Bank,* 320 F.3d at 1251 (emphasis added).

*Stuart Weitzman, LLC v. Microcomputer Res., Inc.*, 542 F.3d 859, 861–62 (11th Cir. 2008).

Suffice it to say, the complaint provides no basis for determining that federal question jurisdiction exists in this declaratory judgment action.

when necessary to cure a failure to allege jurisdiction properly." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 n.1 (11th Cir. 1984). Upon consideration, the Plaintiff is **ORDERED** to file, no later than <u>**Wednesday, May 3, 2017**</u>, an amended complaint that sufficiently alleges the citizenship of both artificial entity parties for purpose of diversity jurisdiction under § 1332(a), or that alleges some alternative basis for subject matter jurisdiction. In filing the amended complaint, the Plaintiff must abide by the following directives:

- The amended complaint shall reproduce the entire original complaint as amended, *see* S.D. Ala. CivLR 15(a) ("Any amendment to a pleading … must reproduce the entire pleading as amended and may not incorporate any prior pleading by reference."), and will become the operative complaint in this action.[6]

- The Plaintiff must file the amended complaint as a freestanding pleading and <u>not</u> as an exhibit attached to a notice, motion, etc.

Any filing made in contravention of these directives will be deemed nonresponsive to this Order and will be summarily ordered stricken. Moreover, the failure to file an amended complaint as ordered could result in dismissal of this

---

[6] "As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.' " *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (*per curiam*) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted)). *See also, e.g., Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Plaintiff is further **ORDERED** to file a disclosure statement in accordance with S.D. Ala. CivLR 7.1 no later than **Wednesday, May 3, 2017**.[7]

**DONE** and **ORDERED** this the 19th day of April 2017.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

---

[7] Form available at:
www.alsd.uscourts.gov/sites/alsd/files/forms/CivilDisclosureStatement.pdf